East'nDistrict.
Dec.1823.

WILLIAMS
& AL.
vs.
SCHOONER
ST. STEPHENS.

Rehearing
refused.

*WILLIAMS & AL.* vs. *SCHR. ST. STEPHENS.*—*Martin,*
*vol.* 1, *p.* 417.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. We have examined very attentively the application for a rehearing. We do not think it ought to be granted, on the alleged ground of a want of jurisdiction. This court has the power to enforce its decree. There does not, therefore, exist a necessity of turning the parties round at a great expense, and forcing them to litigate this case before another tribunal, where we believe their rights would be settled in the same manner they will be here.

Nor do we think we ought to accord it on the second ground. For admitting that the lien which those who furnish articles for vessels enjoy, is lost by suffering them to proceed on a voyage in case they change owners, this is not one of that kind. We still consider Jones as the owner of the ship. The evidence which the claimant himself introduced, proves that the bill of sale was given merely as a security; and that he too, has suffered her to sail on a

voyage, since he made these advances, in vir-
tue of which he now claims a preference.

East'n District.
Dec. 1823.

WILLIAMS
& AL.
vs.
SCHOONER
ST. STEPHENS.

The application is principally grounded on a supposed error in the judgment of the court, directing the pledge to be taken out of the possession of the creditor, without payment with interest and costs: a dicision which, it is stated, directly contravenes the 11*th* article of the *Civil Code, p.*448.  The provision of the law relied on is intended to prevent the creditor from losing his lien: And our judgment, so far from having that effect, assures it.  We do not direct the pledge *to be taken out of his possession* without paying him.  Our judgment was: That the *thing in his possession* be sold; and that after paying him the money advanced, that the overplus be distributed among those who had a legal claim to it.  No proceeding of law is vitiated by this proceeding.  Neither, it is true, is there any which directly authorise it.  But it results from the contract, that the debtor, if he has any right in the thing, should have the means of enforcing them; and it is the only means of preventing oppression and the greatest injustice.  If the creditor is not paid, the law makes it his duty to apply to a court of justice, and have the object appraised, or sold.  If he

East'n District.
Dec. 1823.

WILLIAMS
& AL.
vs.
SCHOONER
ST. STEPHENS.

will do neither; but continue to hold in his possession property worth perhaps five times as much as the sum he has lent on it, we are satisfied the debtor, or those in his right, can compel him to comply with that which the law declares it his duty to do. Were it otherwise, the creditor in possession would become, by his own wrong the proprietor of the pledge—and that in open violation of the law which prohibits him from acquiring it by such means; and expressly declares, "that it is only a deposite *to secure his debt.*"    *Civil Code,* 448, *art.* 12 & 13.